UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.

HEIDI K. ERICKSON,
*Plaintiff*

v.

ELIZABETH WEATHERFORD, and MURRAY REICH,
*Defendants*

**VERIFIED COMPLAINT**
*And Jury Demand*

## PARTIES

*Plaintiff*
Heidi K. Erickson hereinafter "Erickson" Plaintiff a resident of Massachusetts PO Box 380445 Cambridge, MA 02238 and a qualified participant in the Section-8 program.

Defendants
Elizabeth Weatherford the landlord and her husband Murray Reich are both residents New York residing at 112 Spring Street, NYC 10015.

## JURISDICTION

This Honorable Court has original jurisdiction over the Complaint pursuant to **28 U.S.C. sec. 1332** because the parties are from different states and the amount in controversy is over $75,000.00, (the expected federal benefit Section-8 subsidies over ten years) also because there is a federal question as to discrimination against the participant by Defendants refusal of rent subsidies from the Federal Section-8 program and the defendants violations of the states antidiscrimination laws this complaint contains a cause of action against the Defendants under a few theories of law both federal and state, not all inclusive to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181 et. seq. whereby the Complaint alleges a refusal to make reasonable accommodation as to rules, policies, practices and services related to service animals under Title III of the Act and refusal to accept federal Section-8 rent subsidies in violation of GLc151b §4 para10. Exhaustion of all state remedies have been completed prior to this filing including a complaint filed in the Massachusetts Commission of Against Discrimination on or about October 26th, 2009 and a letter requesting a right to suit filed 30 days later was answered on or about December 15th, 2009, therefore pursuant to GLc151b sec9 90 days have lapsed from the filing of the complaint and the Plaintiff may bring a civil action for damages or injunctive relief.

## FACTS

1. Erickson and Weatherford on September 11th, 2009, executed a one year agreement to accept Section-8 subsidies and lease a small apartment (Exh 1) pursuant to all the rules and regulations of the Housing Choice Voucher Program (HCVP) 42 USC §1437f (a)-(f) et seq. of the United States Dept. of Housing and Urban Development.

2. On March 5th, 2010 Defendants served Plaintiff with a 14 day notice to quit for nonpayment of rent exclusively and as a result of the actions of Defendants, the

1

Plaintiff could be subject to the total loss of her subsidies and benefit she expected to receive for the rest of her life and believed to be valued at over $75,000.00 and with a current federal benefit allowance of approximately $10,000.00 per year.

3. Plaintiff is a resident of Massachusetts and a person identified as disabled and receives federal disability insurance, pursuant to the definitions of American's with Disabilities Act (hereinafter "ADA") Title III, 42 CFR § 12181 et seq and GLc151b sec 1 and 4 para 17 and 10 uses a "service animal" as defined by to accommodate a disability she has had her entire life.

4. Defendant Weatherford whose name is on the deed as owner of the said premises in Provincetown, MA had on September 11th, 2009 executed an agreement to rent to Erickson for one year (Exh 1) under the Section-8 program with the use of her service animals. That agreement includes the terms of one year from Sept 15th, 2009 through August 31st, 2010 and that the contract rent is $996, where the housing authorities portion of the rent is $763 and Erickson's portion is $233 per month.

5. Erickson paid Weatherford a $500 security deposit and the first months portion of rent for September 2009 and moved into the premises on or about September 15th, 2009. Erickson has religiously paid her rent due in the first week of the beginning of each month on its due date from October to March 2010. On March 5th, 2010 Weatherford caused the service of a 14 day Notice to Quit (Exh 2) upon Erickson and claims possession exclusively for non-payment of the entire contract rent from September '09 through March 2010.

6. The federal regulations of the Section-8 program prohibits any participant landlord from demanding the housing authorities portion of the rent see 24 CFR 982.310(b)(2).

24 CFR §982.310(b)(2) Owner termination of Tenancy specifically states:

(a) Grounds. During the term of the lease, the owner may not terminate the tenancy except on the following grounds:

(1) Serious violation (including but not limited to failure to pay rent or other amounts due under the lease) or repeated violation of the terms and conditions of the lease;

(2) Violation of federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the premises; or

(3) Other good cause.

(b) Nonpayment by PHA: Not grounds for termination of tenancy. (1) The family is not responsible for payment of the portion of the rent to owner covered by the housing assistance payment under the HAP contract between the owner and the PHA.

**(2) The PHA failure to pay the housing assistance payment to the owner is not a violation of the lease between the tenant and the owner. During the term of the lease the owner may not terminate the tenancy of the family for nonpayment of the PHA housing assistance payment.**

5. In less then 3 weeks from the date Erickson moved in and after Erickson had paid her rent portion of the tenancy Weatherford and complained about the numerous unauthorized entries into her apartment Weatherford is refusing to accept her

2

obligations under the HAP contract including rental subsidies and trying to change the terms of their agreements in defiance to the agreements and above federal regulations of the Section-8 program in violation of Massachusetts anti-discrimination laws GLc151b §4 para 10. See *Attorney General v Brown*, 400 Mass 826.

6. On numerous dates in September and October '09 Weatherford's husband, Defendant Reich acting as her agent hired and caused the unauthorized break into of Erickson's apartment by Peter's Management Co. and Erickson complained. Two weeks went by and the entries continued so Erickson filed a police report. Immediately thereafter Weatherford threatened to evict Erickson, she said because of her service animal. Despite the clear written agreements allowing said animals and that Erickson had fully identified herself as disabled, uses service animals to accommodate her disability and cannot manage the current stress Weatherford and Reich intentionally continue to harass Erickson causing her physical and emotional condition to deteriorate and aggravating her underlying disabling medical condition.

7. On or about October 15th, 2009 Weatherford then sent to the housing authority a changed version of the Housing Assistance Program (HAP) contract and crossed out the dates of the term, shortening the term of tenancy. Then refused to accept any rent subsidies.

8. On March 5th, 2010 the landlord caused service of a 14 day Notice to Quit upon Erickson for non-payment of rent exclusively for the months of Sept through March 2010 (Exh 2).

9. On or about October 26th, 2009 Erickson filed a Complaint in the Offices of the Massachusetts Commission against Discrimination (MCAD) and requested a right to suit letter. One week later a female locksmith (Karen Snow) driving a commercially marked van attempted to break into Erickson's apartment. Erickson called the police and sent the owner of this locksmith a no trespass warning (Exh 3) prohibiting this locksmith her company and all her agents from entering the premises Erickson sides at including the curtilage. Erickson called another local locksmith for advice and this locksmith, who identified himself to Erickson as a former police chief informed Erickson that an alleged unidentified lawyer called him the day before seeking his services on behalf of Erickson's landlord to break into Erickson's apartment and change the locks.

10. Subsequent to the above actions Weatherford executed another HAP contract and changing the terms of the agreement from one year (ending on August 31st, 2010) to ending on June 15th, 2010 and sent Erickson a copy on November 28th, 2009.

11. Because the actions of Weatherford in refusing to comply and participate in the requirements of the federal Section-8 program after it originally executed the agreement and Erickson moved in, the eviction process may be used against Erickson to terminate her participation in the Section-8 program and she could lose these federal benefits completely. Erickson can only pay her rent with these subsidies and

3

these subsidies are valuable and estimated to be in excess of $90,000.00 over the next ten years. Until this controversy Erickson had expected to continue receiving these benefits for the rest of her life.

## ADDITIONAL FACTS

12. GLc151b sec 9: Any person claiming to be aggrieved by a practice made unlawful under this chapter or under chapter one hundred and fifty-one C, or by any other unlawful practice within the jurisdiction of the commission, **may, at the expiration of ninety days after the filing of a complaint** with the commission, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both in the superior or probate court for the county in which the alleged unlawful practice occurred or in the housing court within whose district the alleged unlawful practice occurred if the unlawful practice involves residential housing.

13. GLc151b sec 4 para 10: For any person furnishing credit, services or rental accommodations to discriminate against any individual who is a recipient of federal, state, or local public assistance, including medical assistance, or who is a tenant receiving federal, state, or local housing subsidies, including rental assistance or rental supplements, because the individual is such a recipient, or because of any requirement of such public assistance, rental assistance, or housing subsidy program.

14. A service animal is defined under the federal regulations as:
[A]ny guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including, but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing minimal protection or rescue work, pulling a wheelchair, or fetching dropped items.

15. GLc151b sec 4 para 17 defines the term "handicap" [disability] means (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment, but such term shall not include current, illegal use of a controlled substance as defined in section one of chapter ninety-four C.

16. Erickson believes that the actions of Weatherford to attempt to change a rental agreement and evict for non-payment of rent is pretext for discrimination.

17. On Monday March 8th, 2010 Erickson called three times, the attorney representing Weatherford in an attempt to discuss the nature and impact of its claims against Erickson. Erickson has received no response.

## CLAIM I
### Discrimination
42 U.S.C. section 12182 and 45 C.F.R. section 36.303

Plaintiff refers to the hereinabove numbered 1-17 paragraphs as fully set forth and claims that refusal to accept Plaintiff's service animals the cause for the Defendants subsequent actions are made unlawful by the Americans with Disabilities Act and the local antidiscrimination laws promulgated under GLc151b.

## CLAIM II
### Discrimination
GLc151b sec4 para10

Plaintiff refers to the hereinabove numbered 1-17 paragraphs as fully set forth and claims that the actions of Defendants refusal to accept Section-8 subsidies are made unlawful by, and Discrimination has occurred pursuant to GLc151b sec4 para 10

## CLAIM III
### TORTS
### Loss of HUD Section-8 benefits
### Trespass
### Emotional Distress

Plaintiff refers to the hereinabove numbered 1-17 as fully set forth and claims that the Defendants actions were outrageous beyond all bounds of decency.


RELIEF REQUESTED
1. Enter a Temporary and Permanent Order directing the Defendants to immediately comply to its agreements, as executed on 9/11/09 as appearing at (Exh 1)
2. Enter a Temprorary and Permanent Order restraining the Defendants and its agents, employees and associations to refrain from seeking to commence with an eviction proceeding against the Plaintiff for non-payment of rent.
3. Enter a Temporary and Permanent Order restraining the Defendants and its agents, employees and associations to refrain from any attempts to authorized entrance to the premises of this controversy and where Plaintiff resides.
4. .
a. Alternatively Enter a short Order Notice to Return on Friday March 19th, 2009 at Noon to answer why a TRO (or preliminary injunction) should not enter immediately to provide Erickson protections above about outlined including an immediate order restraining the Defendants and their agents from commencing summary process eviction action against Erickson for non-payment of rent.

5. Enter a finding on all counts in Erickson's favor.

5

6. Grant Erickson all costs involved in securing this adjudication.

7. Grant Erickson a finding as to each of her counts and damages, all statutory relief and all fees.

8. Grant Erickson such other and further relief as this Court deems just and fair.

Dated: Boston, Massachusetts
March 9th, 20010

            Respectfully submitted by,

            Heidi Kristine Erickson
            Harvard Sq. Postal Station
            Box 380445
            Cambridge, MA 02238
            617-319-4000

By signature hereinabove I, Heidi K. Erickson attest under the pains and penalties of perjury the Facts herein as stated are true and that I have made reasonable attempts to seek compliance to local rule 7.1 from Defendants prior to filing this Complaint.

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

HEIDI K. ERICKSON,
*Plaintiff*

v.

ELIZABETH WEATHERFORD, and MURRAY REICH,
*Defendants*

# EXHIBIT #1

**Housing Assistance Program (HAP) part A
Contract agreement for rent**

| Housing Assistance Payments Contract (HAP Contract) Section 8 Tenant-Based Assistance Housing Choice Voucher Program | U.S. Department of Housing and Urban Development Office of Public and Indian Housing | OMB Approval No. 2577-0169 (exp.9/30/2010)  |
|---|---|---|

Part A of the HAP Contract: Contract Information

(To prepare the contract, fill out all contract information in Part A.)

1. **Contents of Contract**
   This HAP contract has three parts:
   Part A: Contract Information
   Part B: Body of Contract
   Part C: Tenancy Addendum

2. **Tenant**
   Erickson, Heidi

3. **Contract Unit**
   577 Commercial Street   (2W)
   Provincetown, MA  02657

4. **Household**

   The following persons may reside in the unit. Other persons may not be added to the household without prior written approval of the owner and the PHA.

   Erickson, Heidi

5. **Initial Lease Term**
   The initial lease term begins on (mm/dd/yyyy): 9/15/2009
   The initial lease term ends on (mm/dd/yyyy): 8/31/2010

6. **Initial Rent to Owner**
   The initial rent to owner is: $ 996
   During the initial lease term, the owner may not raise the rent to owner.

7. **Initial Housing Assistance Payment**

   The HAP contract term commences on the first day of the initial lease term. At the beginning of the HAP contract term, the amount of the housing assistance payment by the PHA to the owner is $ 763 per month.
   The amount of the monthly housing assistance payment by the PHA to the owner is subject to change during the HAP contract term in accordance with HUD requirements.

Utilities and Appliances

The owner shall provide or pay for the utilities and appliances indicated below by an "O". The tenant shall provide or pay for the utilities and appliances indicated below by a "T". Unless otherwise specified below, the owner shall pay for all utilities and appliances provided by the owner.

| Item | Specify fuel type | | | | Provided by | Paid by |
|---|---|---|---|---|---|---|
| Heating | ☐ Natural gas | ☐ Bottle gas | ☑ Oil or Electric | ☐ Coal or Other | O | O |
| Cooking | ☐ Natural gas | ☐ Bottle gas | ☑ Oil or Electric | ☐ Coal or Other | O | O |
| Water Heating | ☐ Natural gas | ☐ Bottle gas | ☑ Oil or Electric | ☐ Coal or Other | O | O |
| Other Electric | | | | | O | O |
| Water | | | | | O | O |
| Sewer | | | | | O | O |
| Trash Collection | | | | | O | O |
| Air Conditioning | | | | | T | T |
| Refrigerator | | | | | O | O |
| Range/Microwave | | | | | O | O |
| Other (specify) | | | | | | |

Signatures:

**Public Housing Agency**

Dennis Housing Authority
Print or Type Name of PHA

_____
Signature

_____
Print or Type Name and Title of Signatory

_____
Date (mm/dd/yyyy)

**Owner**

Weatherford, Elizabeth
Print or Type Name of Owner

*M. ??? Weatherford*
Signature

Elizabeth Weatherford
Print or Type Name and Title of Signatory

09/11/09
Date (mm/dd/yyyy)

Mail Payments to:

Elizabeth Weatherford
Name

115 Spring Street
New York, NY 10012
Address (street, city, State, Zip)

TENANT: HEIDI K ERICKSEN
*HKE* 7/09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

HEIDI K. ERICKSON,
*Plaintiff*

v.

ELIZABETH WEATHERFORD, and MURRAY REICH,
*Defendants*

# EXHIBIT #2

**Defendants 14 day Notice to Quit for non-payment of rent**

LAW OFFICES OF
# SNOW AND SNOW
90 HARRY KEMP WAY
POST OFFICE BOX 291
PROVINCETOWN, MASSACHUSETTS 02657

JOHN CLIFFORD SNOW (1920-1985)
CHRISTOPHER J. SNOW
RONALD E. FRIESE

TELEPHONE
(508) 487-1180
487-1980
FAX: 487-2694

REFER TO FILE NO.

3442.001

February 23, 2010

### FOURTEEN (14) DAY NOTICE TO QUIT FOR NON-PAYMENT OF RENT

To: Ms. Heidi Erickson
577 Commercial Street, Unit 2W
Provincetown, Massachusetts 02657

Re: **Landlord** - **Elizabeth Weatherford**
**Tenant** - **Heidi Erickson**
**Premises** - **577 Commercial Street, Unit 2W furnished, Provincetown, Barnstable County, Massachusetts 02657**

Dear Ms. Erickson:

Please be advised that this office represents Elizabeth Weatherford of New York, New York, your Landlord, for the purposes of recovering possession of the above-described property and collecting past due rents.

**THIS IS FORMAL NOTICE TO YOU TO QUIT AND DELIVER UP** the premises now occupied by you as a Tenant at 577 Commercial Street, Unit 2W, Provincetown, Barnstable County, Massachusetts. You have fourteen (14) days from receipt of this notice to vacate the premises, or formal proceedings will be instituted for your eviction. In the event that it is necessary to bring court action for your eviction, you may become obligated for the payment of all court costs, sheriff's and attorney's fees incurred by your landlord in said action.

Ms. Heidi Erickson
February 23, 2010
Page 2

The primary reason your landlord wants to end your lease dated September 9, 2009, is because your rent and electricity payments are overdue for the period September 15, 2009 to March 14, 2010.

The current rental arrearage is $5,579.17. An additional $1,075.00 in rent is due and owing on March 15, 2010.

Additionally, pursuant to the terms and conditions of the September 9, 2009 lease, you are also responsible for payment of electricity servicing the unit which amounts to $649.38 for the time period September 15, 2009 to January 31, 2010 which has not been paid by you.

**If you have not received a Notice to Quit for Non-Payment of Rent within the last twelve (12) months, you have a right to prevent termination of your tenancy by paying or tendering to your landlord, your landlord's attorney, or the person to whom you customarily pay your rent, the full amount of the rent due within ten (10) days after your receipt of this notice.**

**If you are a tenant under an unexpired written lease, you have until the day the answer is due, in any action by your landlord to recover possession of the premises, to pay or tender to your landlord or to this office, all the rent then due, with interest and costs of suit, to prevent the termination of your lease.**

This is further notice to you that this does not excuse you in any way from payment of the rent due for the period you continue to occupy the premises, acceptance of less than the full amount of rent due your landlord **WILL NOT CONSTITUTE A WAIVER BY HER OF THIS NOTICE**, and should any waste or other damage be suffered to occur on the premises during your occupancy, you will be held strictly responsible for same.

### NOTICE TO TENANT/CONSUMER DEBTOR OF IMPORTANT RIGHTS

Pursuant to the Fair Debt Collection Practices Act (FDCP Act, 15 USC §1692), a consumer debtor is required to be sent the following notice: (1) unless the consumer, within thirty (30) days after receipt of this Notice, disputes the validity of the debt or any portion thereof, the debt shall be assumed to be valid by the debt collector; (2) if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Ms. Heidi Erickson
February 23, 2010
Page 3

This firm is acting on behalf of the current creditor as a debt collector, pursuant to the FDCP Act. Any information obtained shall be used for that purpose. The Federal Trade Commission has ruled that the FDCP Act does not preclude the institution of legal action prior to the expiration of the thirty-day period.

Demand is hereby further made for you to produce this original notice at any and all court proceedings connected herewith.

                                **ELIZABETH WEATHERFORD**
                                By Her Attorney,

                                Christopher J. Snow
                                Snow and Snow
                                P.O. Box 291
                                Provincetown, MA. 02657
                                508-487-1160

CJS:r
cc:    Ms. Elizabeth Weatherford