UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.01:10-cv-10446-MLW

_____

HEIDI K. ERICKSON,
*Plaintiff*

v.

ELIZABETH WEATHERFORD, and MURRAY REICH,
*Defendants*
_____

### AFFIDAVIT OF HEIDI K. ERICKSON

*In support of*

PLAINTIFF'S AMENDED MOTION TEMPORARY RESTRAINING ORDERS
AND PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT THEREOF

1. On March 24rd, 2010 I received a 'true copy attest' Summary Process Summons and Complaint (TRO Exh 1/Aff Ex 1) reliant upon a Notice to Quit for Non-Payment of Rent (Cmplnt Exh 2) that I embarrassingly received by inappropriate service on March 5th, 2010 This 14 Day Notice to Quit for Non-Payment of Rent also claimed a demand for the cost of utilities that were clearly included in the agreement executed on Sept 11th, 2009 (Cmplnt Exh 1) contract.

2. I am not responsible to pay the utilities for the said premises, and my name is not on any utility bill. As reflected in the Housing Assistance Payment (HAP) Contract of September 11th, 2009 (Cmplnt Exh 1) the heat, hot water, electricity and telephone are included in the rent.

3. I am a recipient of a valid section-8 housing choice voucher which would pay to my landlord in excess of 70% of the rent as agreed by the Plaintiff Weatherford on September 11th, 2009 an amount $763 per month from the Housing Authority and $233 from myself totaling $996.00 per month. (Cmplnt Exh 1).

4. On March 24th, 2010 this Honorable Court allowed the issuance of the Summons and Complaint by service of the US Marshall Service who told me it may take 30 days to serve.

5. On March 25th, 2010 this Court Ordered the expedited service by US Marshall of the Summons and Complaint. I prepared two packages as required and tendered same to the US Marshall's Offices including the Order for expedited service. I also spoke with the Office who confirmed that the process could take up to 30 days by statute but it also may take less time since the address to be served in New York City. I checked the Internet and found that the US Marshal's offices are located within a 1 mile of both the home address of the Defendants and Weatherford's employer is actually closer.

6. On or about March 24th, 2010 I contacted the author of the 14 Day Notice to Quit (Cmplnt Exh 2) Defendant Weatherford's attorney Christopher Snow by telephone and facsimile requesting that he accept service of this Court's issued Summons and my filed Complaint on behalf of his clients and that to do so would save the court time and expenses (TRO & Aff Exh 3a-e). Snow faxed back a response refusing to do so. (TRO & Aff Exh 3e).

7. On March 25th, 2010 I once again called the Offices of attorney Snow for the Plaintiff Weatherford and once again requested he contact me. On the morning of March 26th, 2010 I drafted a letter (Exh 3b) faxed it to his offices who then refused to confirm receipt thereof. I then got on my bicycle and rode over to his offices and handed the letter to his secretary who once again refused to acknowledge the receipt of same. In this letter I asked of Snow to ask his client Weatherford and her husband for a time and place to accept service by the US Marshall in order to avoid delay and unintentional embarrassment. Then at or about 5pm on March 26th, 2010 Snow called me and yelled at me not to expect his calls and to place everything in writing. I tried to explain the situation that included my attempts to resolve this issue amicably, that I had secured a court order issued out of the Middlesex Superior Court (TRO Exh 2/Aff Ex 2) on my Complaint for Contempt which meant his client would receive the overdue rent monies forthwith via this Order upon the Cambridge Housing Authority to pay the rent due

to Weatherford (no response) and offered him a copy of the Order (no response) and that I was proceeding in the Federal District Court against his clients, but as soon as I said this to Snow he hung the phone up on me yelling something to the effect of a tape recording.

      8.      In contemplating amendment to my Motion For TRO amending the previously filed Motion For Preliminary Injunction filed on March 18th, 2010 now I deem it to be filed as an Emergency as a result of the Summons and Complaint (TRO Exh 1/Aff Ex 1) served upon me by sheriff contemplating an entry date of April 5th, 2010 in the civil division of the Orleans District Court.  I am therefore, proceeding in good faith, to avoid irreparable harms from an eviction proceeding in the Orleans District Court and therefore filing for this immediate relief. And because I have unsuccessfully attempted numerous times to discuss these issues in order to resolve by mutual agreement, especially in light of the Orders (Exh 2) requiring the Housing Authority to pay the outstanding rent from Sept. 15th to the present and that the other outstanding issues are being cover in this action.  The Defendants appear to be avoiding service of process and therefore an answer to Judge Woodlock's concerns for having a response.  The Defendant's attorney Snow is unwilling to cease to enter the summary process action and I feel uncomfortable to call Weatherford or Reich directly since Weatherford is evidently represented by Snow.  I then hand delivered a letter to Snow's home offices and I noted that he was present when I knocked but he refused to come to the door to answer my request. His further response to attached at (Exh 3c) and mine at (Exh 3d)  As of the end of day today, Monday March 29th, 2010 I have not received any further responses despite providing my fax number, cellular phone and email address to Snow.

      Respectfully submitted by

                              _____
                              Heidi K. Erickson  March 29th, 2010

By signature hereon I attest under the pains and penalties of perjury the facts herein are true. And I certify that I have attempted to negotiate a resolution pursuant with the local rule 7.1.